JOHN V. DALY, Respondent, v. CIRCLE CONSTRUCTION CORPORATION, Appellant. (3 Actions.) MAE P. DALY, Respondent, v. CIRCLE CONSTRUCTION CORPORATION, Appellant. (1 Action.) — Judgments of the County Court of Westchester county, in consolidated actions, recovered by the plaintiff husband for personal injuries, property damage and loss of his wife's services, and by the plaintiff wife for personal injuries, unanimously affirmed, with one bill of costs. No opinion. Present — Lazansky, P. J., Davis, Adel, Taylor and Close, JJ.

SADIE DANIELS, Respondent, v. TITLE GUARANTEE AND TRUST COMPANY, Appellant.— The complaint contained two causes of action for the recovery of the purchase price of two mortgage certificates, on the ground that the defendant agreed to repurchase at any time within a specified period. Judgment for the plaintiff affirmed, with costs. No opinion. Carswell, Johnston and Taylor, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent and vote for reversal and a new trial on the ground that the verdict is against the weight of the evidence.

JOSEPH DI BERNARDO and JOHN DOLCE, Respondents, v. STEWART WARNER CORPORATION, Defendant, and ALEMITE CORPORATION, Appellant.— In an action to recover damages for alleged malicious prosecution, order denying appellant's motion to dismiss the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs. Plaintiffs may serve a new complaint within ten days from the entry of the order hereon if they be so advised. Merely to allege that the appellant testified before the grand jury is insufficient. The complaint should show that such testimony was false or that information within the knowledge of the appellant was withheld and that such false testimony, or the withholding of such information, was the cause of the criminal proceeding. The complaint in its present form does not warrant the inference that the appellant's testimony caused the grand jury to direct the district attorney to file the information in the Court of Special Sessions. Lazansky, P. J., Adel, Taylor and Close, JJ., concur; Davis, J., dissents and votes to affirm.